UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

James Austerman,                                        Civil No. 10-4502 (JRT/FLN)

**REPORT AND
RECOMMENDATION**

Plaintiffs,

v.

Behne, Inc. and Nathan Behne,

Defendants.

_____

Paul O. Taylor for Plaintiff.
Kevin A. Velasquez & Beth A. Serrill for Defendants.

_____

**THIS MATTER** came before the undersigned United States Magistrate Judge on February 18, 2011 on Defendants' Motion to Dismiss.  (ECF No. 2.)  The matter was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1.  For the reasons which follow, this Court recommends the motion to dismiss be **DENIED**.

## I.   FINDINGS OF FACT

Plaintiff James Austerman was an employee of Defendants.  Defendants terminated Austerman.  Austerman alleges that Defendants terminated him in retaliation for raising a safety issue.  Austerman contends his termination was in violation of the Surface Transportation Assistance Act, 49 U.S.C. § 31105 ("Count I").  Austerman also brings a claim under the Minnesota Whistleblower Act, Minn. Stat. § 181.932 ("Count II").

Austerman initiated Count I by filing a claim with the Department of Labor ("DOL") on July 2, 2009.  (Serrill Decl. 3, Ex. 1; ECF No. 5.)  The DOL dismissed the claim on January 14,

1

2010.   (Serrill Decl. 4, Ex. 2.)   Austerman filed objections, seeking a hearing before an administrative law judge ("ALJ").  (Serrill Decl. 5, Ex. 3.)  On January 26, 2010, 208 days after Austerman filed his claim, the case was assigned to ALJ Solomon.  (Serrill Decl. 6, Ex. 4.)  The ALJ hearing was originally scheduled to occur in February 2010.   (Serrill Decl. 7, Ex. 5.) Austerman sought and received a continuance.  (Serrill Decl., Exs. 5, 6.)   The hearing was rescheduled for May.   (Serrill Decl. Ex. 6.)   Following the hearing, the ALJ dimissed Austerman's claim on September 15, 2010.  (Serrill Decl. Ex. 9.)   Austerman petitioned the DOL's Administrative Review Board ("ARB") for review of the ALJ's dismissal.  (Serrill Decl. Ex. 10.)   The ARB issued a notice of intent to review on October 12, 2010.  (Serrill Decl. Ex. 13.)  On November 9, 2010, Austerman filed a complaint with this Court.  (ECF No. 1.)  At the time Austerman filed the complaint, neither Austerman nor Defendants had filed briefs with the ARB.  (*See* Taylor Decl. Ex. 1, at 2; ECF No. 12.)  Also on November 9, Austerman filed a Notice of Commencement of Civil Action with the ARB.  (Serrill Decl. Ex. 12.)  On December 17, 2010, the ARB granted Austerman's motion to withdraw his complaint in order to proceed in district court.  (Taylor Decl. Ex. 1.)  Defendants now bring this motion to dismiss for lack of subject matter jurisdiction.  (ECF No. 2.)

## II.   RELEVANT LEGAL STANDARD

A motion to dismiss under Federal Rule 12(b)(1) raises the question whether the federal district court has subject matter jurisdiction over the action before it.  Federal courts are courts of limited jurisdiction.  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). They possess only that power authorized by the Constitution and statute.  *Id.*  Congress has the constitutional authority to define the jurisdiction of the lower federal courts.  *Keene Corp. v. United States*, 508 U.S. 200, 207 (1993).  "If Congress has authorized federal courts to resolve

particular claims, and if the claim presents a case or controversy within the scope of Article III,

then federal courts have subject-matter jurisdiction." *Moore v. Olson*, 368 F.3d 757, 760 (7th

Cir. 2004).

### III.    LEGAL ANALYSIS

Austerman asserts federal jurisdiction under 49 U.S.C. § 31105(c), which provides as

follows:

> With respect to a complaint under paragraph (1), if the Secretary of Labor has not
> issued a final decision within 210 days after the filing of the complaint and if the
> delay is not due to the bad faith of the employee, the employee may bring an
> original action at law or equity for de novo review in the appropriate district court
> of the United States, which shall have jurisdiction over such an action without
> regard to the amount in controversy, and which action shall, at the request of
> either party to such action, be tried by the court with a jury.

Section 31105(c) includes two elements for federal jurisdiction: 1) no final decision of the DOL

within 210 days of filing a complaint; and 2) the delay is not due to the bad faith of the

employee.  It is undisputed that the DOL has not issued a final decision and that 210 days have

passed since Austerman filed his claim.  Defendants' challenge is limited to the issue of bad

faith.

### A. Pleading lack of bad faith is not a jurisdictional prerequisite to bring a claim under 49 U.S.C. § 31105(c).

Defendants assert a facial challenge to Austerman's complaint, arguing Austerman was

required to plead a lack of bad faith, and that his failure to do so precludes federal court

jurisdiction. Because of this alleged defect, Defendants argue that this Court must dismiss.

Austerman argues that the "bad faith" component of Section 31105(c) is not a pleading

requirement of a plaintiff, but rather is equivalent to an affirmative defense.  This Court agrees.

Federal Rule 8(c) requires the responding party (Defendants) to assert any affirmative defense.

The list of affirmative defenses in Rule 8(c) is nonexhaustive. *Jones v. Bock*, 549 U.S. 199, 212 (2007). Many courts have held that bad faith is synonymous with "fraud." *Bunge Corp. v. Recker*, 519 F.2d 449, 452 (8th Cir. 1975) (citing *Frick v. McClelland*, 384 Pa. 597, 122 A.2d 43, 45 (1956); *Commonwealth v. Smith*, 242 Ky. 365, 46 S.W.2d 474, 478 (1923); *State ex rel. Millice v. Peterson*, 75 N.E. 602, 605 (Ind. Ct. App. 1905); *Pabst Brewing Co. v. Nelson*, 108 Okl. 286, 236 P. 873, 875 (1925); *State v. Shipman*, 202 N.C. 518, 163 S.E. 657, 659 (1932); *Polikoff v. Fin. Serv. Co.*, 205 N.C. 631, 172 S.E. 356, 358 (1934)). Bad faith "is an action not prompted by an honest mistake but rather by some interested or sinister motive." *Bunge*, 519 F.2d at 452. Consequently, bad faith is covered by the word "fraud" as an affirmative defense under Rule 8(c), Fed. R. Civ. P. Even were bad faith not covered by "fraud," it would likely be a nonenumerated affirmative defense, encompassed by Rule 8's catch-all provision requiring responding parties to state "any avoidance or affirmative defense." *See* 61A Am. Jur. 2d *Pleading* § 318 (2011) (citing *Bunge*, 519 F.2d 449). Because bad faith is akin to an affirmative defense under Fed. R. Civ. P. 8, Defendants, not Austerman have the burden of pleading bad faith.

### B. Austerman's failure to adhere to the DOL's notice requirement under 29 C.F.R. § 1978 does not constitute bad faith.

Defendants also assert a factual challenge to Austerman's complaint, arguing that Austerman's failure to give timely notice to the DOL of his intent to remove is evidence of bad faith. DOL regulations interpreting Section 31105(c) require a plaintiff to give notice to the ALJ or ARB of his intent to remove to federal court fifteen days prior to filing the claim. 29 C.F.R. § 1978.114(b). It is undisputed that Austerman did not give notice prior to filing his federal claim. Because of this alleged bad faith, Defendants argue this Court must dismiss.

Defendants argue that the DOL has interpreted Section 31105(c) via 29 C.F.R. § 1978.114(b) to mean that a failure to give notice automatically fails the bad faith test of Section 31105(c) and deprives the district court of jurisdiction.   Defendants' argument fails for two reasons.   First, the ARB's actions demonstrate that the DOL has not concluded that failure to give notice is per se bad faith.   In an Order of December 17, 2010, the ARB stated that Defendants had "failed to demonstrate that Austerman has acted in bad faith to delay the proceedings . . . ." (Taylor Decl. Ex. 1, at 3.)   The ARB's Order shows that the DOL does not view failure to give notice as per se bad faith.

Second, to the extent that Defendant's interpretation would make 29 C.F.R. § 1978 an additional prerequisite for federal court jurisdiction, the DOL has no authority to add additional requirements to Section 31105's grant of jurisdiction.   Interpreting statutes granting jurisdiction to Article III courts is exclusively the province of the courts.  *Ramey v. Bowsher*, 9 F.3d 133, 137 n. 7 (D.C. Cir. 1993) (citing *Sumner v. Mata*, 449 U.S. 539, 547 n. 2 (1981)).   Federal courts administer statutes granting federal jurisdiction and agency interpretations are irrelevant.  *See Ramey*, 9 F.3d at 137 n. 7 (citing *Adams Fruit Co. v. Barrett*, 494 U.S. 638, 649-50 (1990)).   It is inappropriate to consult an executive interpretation of a statute conferring jurisdiction on a federal court.  *See Adams Fruit*, 494 U.S. at 650.   A plain reading of Section 31105(c) does not impute a notice requirement on a plaintiff.   Even were the DOL to view lack of notice as a jurisdictional bar, the DOL's opinion is of no avail to Defendants.   The courts administer Section 31105(c) and the DOL's interpretations of Section 31105 are not binding on this Court.   The Court does not find Austerman's failure to comply with the DOL's notice requirement to constitute bad faith.

**C. Removing a Section 31105 action to the District Court subsequent to an ALJ hearing is not evidence of bad faith.**

Defendants further argue that because Austerman waited until after the ALJ hearing to remove his claim to the District Court, Austerman acted in bad faith. "Bad faith generally implies or involves actual or constructive fraud or a design to mislead or deceive another. It is an action not prompted by an honest mistake but rather by some interested or sinister motive." *Bunge*, 519 F.2d at 452. The record contains no evidence that Austerman sought to mislead or deceive at any point in the proceedings. It is undisputed that Austerman waited until after the ALJ hearing to file a complaint with this Court. Austerman is candid about his motive: de novo review in the district court as provided by Section 31105(c). Seeking a statutory remedy provided by Congress is not deceptive, fraudulent, or sinister.

Section 31105 does not bar district court jurisdiction following an ALJ hearing. Congress could have inserted such a provision to prevent a "second bite at the apple," but did not. This Court is not at liberty to add additional requirements to a statute. *See Ali v. Fed. Bureau of Prisons*, 552 U.S. 214, 228 (2008). Instead, we must give effect to the text Congress enacted. *Id.* Absent unambiguous congressional language, this Court will not construe the exercising of a statutory remedy as evidence of bad faith.

This Court finds that the record contains no evidence that Plaintiff acted in bad faith to delay the proceedings before the DOL, therefore Plaintiff has met the jurisdictional requirements for de novo review under 49 U.S.C. § 31105(c). Defendant's motion to dismiss for lack of subject matter jurisdiction should be denied.

## IV.    RECOMMENDATION

Based upon the foregoing and all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that Defendants' Motion to Dismiss for Lack of Jurisdiction (ECF No. 2) be **DENIED**.

DATED: April 6, 2011                                        *s/ Franklin L. Noel*
                                                            FRANKLIN L. NOEL
                                                            United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **April 20, 2011**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within fourteen (14) days after service thereof.  All briefs filed under the rules shall be limited to 3,500 words. A judge shall make a de novo determination of those portions to which objection is made.

Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed by **April 20, 2011**, a complete transcript of the hearing.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.